HARRIS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No.: 14-20005 JTF |
| ) | |
| vs. ) | 18 U.S.C. § 1343 |
| ) | |
| DON McMAHON, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

## COUNTS 1 THROUGH 8

(WIRE FRAUD)

At all times relevant herein:

1.

Between January 1, 2009 and continuing until in and around November, 2011, the defendant, **DON McMAHON**, served as the state treasurer of the Civilian Technicians Association Independent, STC Tennessee State Council for Air (the "Council").

2.

As state treasurer, the defendant's duties included managing the funds of the Council for the benefit of its membership.

3.

Located in Memphis, Tennessee, the Council was a labor organization subject to the provisions of the Civil Service Reform Act of 1978, and represented approximately

130 members employed by the Tennessee Air National Guard at various base locations throughout the state.

4.

The Council's primary source of income consisted of its member dues, which were electronically deposited into its checking account, account number XXXXXX8204, at Regions Bank in Memphis, Tennessee.

### The Scheme

5.

Beginning on or about June 22, 2009 and continuing until on or about October 11, 2011, in the Western District of Tennessee and elsewhere, the defendant,

**DON McMAHON**

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud the Council, and to obtain money and property from the Council by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of Scheme

6.

The scheme and artifice to defraud and to obtain money and property from the Council was executed in the following manner:

a. It was part of the scheme that the defendant would use the Council's checking account debit card, without the Council's knowledge and without proper authorization, to withdraw cash from automated teller machines (ATMs) and to make purchases for his own personal use and benefit;

b. It was also part of the scheme that the defendant would write checks to himself, that were drawn on the Council's checking account, to withdraw cash for his own personal use and benefit. Rather than obtain the required two signatures for each check draft, the defendant personally signed each check as its maker, without authorization, before negotiating said check; and

c. It was further part of the scheme that the defendant would submit false financial reports to the Council and others to conceal his unauthorized withdrawal of cash from the Council's checking account.

7.

As a result of the defendant's unauthorized ATM cash withdrawals and other debit card transactions, the Council suffered a loss of approximately $15,335.40.

8.

On or about each of the dates set forth below, in the Western District of Tennessee and elsewhere, the defendant,

**DON McMAHON**

for the purposes of executing the above-described scheme and artifice to defraud, and to obtain money from the Civilian Technicians Association Independent, STC Tennessee State Council for Air by materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds as described below, each transmission constituting a separate count:

| Count | Date | Wire Communication |
|---|---|---|
| 1 | June 22, 2009 | ATM cash withdrawal in the approximate amount of $300.00, the transmission of which traveled in interstate commerce |
| 2 | November 9, 2009 | ATM cash withdrawal in the approximate amount of $1,032.95, the transmission of which traveled in interstate commerce |
| 3 | November 12, 2009 | ATM cash withdrawal in the approximate amount of $1,032.95, the transmission of which traveled in interstate commerce |
| 4 | October 12, 2010 | Debit Card PIN Purchase in the approximate amount of $661.99, the transmission of which traveled in interstate commerce |
| 5 | November 1, 2010 | ATM cash withdrawal in the approximate amount of $204.00, the transmission of which traveled in interstate commerce |
| 6 | February 8, 2011 | ATM cash withdrawal in the approximate amount of $154.00, the transmission of which traveled in interstate commerce |
| 7 | April 19, 2011 | Debit Card Purchase in the approximate amount of $57.15, the transmission of which traveled in interstate commerce |
| 8 | October 11, 2011 | ATM cash withdrawal in the approximate amount of $100.00, the transmission of which traveled in interstate commerce |

The above is a violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

DATED: _____

_____
EDWARD L. STANTON III
UNITED STATES ATTORNEY

4